DA 10-0202

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 208N

IN THE MATTER OF:

J.M.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DN 2009-29-BN
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Joslyn Hunt, Chief Appellate Defender; Sarah Chase Rosario y Naber, Assistant Appellate Defender, Helena, Montana

    For Appellee:

        Steve Bullock, Montana Attorney General; John Paulson, Assistant Attorney General, Helena, Montana

        Mark A. Vucurovich and Ross Richardson, Attorneys at Law, Butte, Montana

Submitted on Briefs:  September 8, 2010

Decided:  October 5, 2010

Filed:

_____

Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     W.J.M. appeals the termination of his parental rights. We affirm.

¶3     W.J.M. is the natural father of a baby boy, J.M. J.M. was removed from the custody of W.J.M. and his birth mother, C.G., by the Montana Department of Public Health and Human Services (Department) two days after his birth.

¶4     On August 7, 2009, the Department filed a petition for the adjudication of J.M. as a youth in need of care. A contested hearing was held on the petition on September 9, 2009. The District Court found J.M. a youth in need of care and awarded temporary legal custody to the Department on September 17, 2009.

¶5     On January 25, 2010, the Department filed a petition seeking permanent legal custody of J.M. and termination of the parental rights of W.J.M. and C.G. With the petition, the Department filed the affidavit of Jolyne Tescher, a child protection specialist with the Department, and the reports of two clinical psychologists, Dr. Ned Tranel and Dr. Susan Day, who each conducted examinations of both parents. J.M.'s guardian ad litem also filed a report supporting the Department's petition.

2

¶6     On February 17, 2010, a hearing was held on the petition. W.J.M. was not present. Both Drs. Tranel and Day testified at the hearing. Both opined that W.J.M. would be unable to adequately parent J.M. because W.J.M. does not possess the cognitive and adaptive functioning abilities to provide a minimal standard of parenting. Both opined that W.J.M.'s lack of cognitive and adaptive functioning abilities would not change in the reasonably foreseeable future.

¶7     On March 22, 2010, the District Court issued its findings of fact, conclusions of law, and order terminating the parental rights of W.J.M. and C.G. The District Court found, given the undisputed testimony of Drs. Tranel and Day, and based upon § 41-3-609(4), MCA, that a treatment plan was not required and that neither W.J.M. nor C.G. could assume the parental role within a reasonable time. The District Court found that termination of parental rights was in J.M.'s best interest.

¶8     On April 21, 2010, W.J.M. filed a notice of appeal. C.G.'s parental rights are not at issue in this appeal.

¶9     We review a district court's decision to terminate parental rights to determine whether the court abused its discretion. The test for an abuse of discretion is "whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice." *In re Custody & the Parental Rights of C.J.K.*, 2005 MT 67, ¶ 13, 326 Mont. 289, 109 P.3d 232 (internal citations omitted). "However, because a parent's right to the care and custody of a child is a fundamental liberty interest, it must be protected by fundamentally fair procedures. To satisfy the relevant statutory

3

requirements for terminating a parent-child relationship, a district court must make specific factual findings. We review those findings of fact to determine whether they are clearly erroneous. Lastly, we review the court's conclusions of law to determine whether the court interpreted the law correctly." *Id*.

¶10 A district court can terminate parental rights without first implementing a treatment plan if "two medical doctors or clinical psychologists submit testimony that the parent cannot assume the role of parent within a reasonable time." Section 41-3-609(4)(b), MCA; *In re A.J.E., III*, 2006 MT 41, ¶ 31, 331 Mont. 198, 130 P.3d 612.

¶11 The district court must give primary consideration to the physical, mental and emotional conditions and needs of the child. Consequently, the best interests of the child are of paramount concern in a parental rights termination proceeding and take precedence over the parental rights. Section 41-3-609(3), MCA; *Parental Rights of C.J.K.*, ¶ 14.

¶12 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion to terminate W.J.M.'s parental rights. The District Court did not abuse its discretion.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH

4

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE